UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, <br> Petitioner, <br> v. <br> J. GASTELO, Warden, et al., <br> Respondents. | Case No. 19-cv-04340-YGR (PR) <br><br> **ORDER OF DISMISSAL** |

## I. BACKGROUND

Petitioner, a state prisoner currently incarcerated at California Men's Colony, San Luis Obispo, has filed a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1975 conviction and life sentence from the Santa Clara County Superior Court. He has paid the full filing fee.

Petitioner has filed several petitions in this Court attacking the validity of his 1975 conviction. Petitioner has also previously been determined a vexatious litigant and was subject to pre-filing review in this Court. *See* Dkt. 42 in *Magee v. Marshall*, C 93-3637 DLJ (N.D. Cal. Pre-filing Order May 10, 1995). However, that pre-filing review order has been vacated and Petitioner's cases, including this case, have been reviewed. Petitioner has since continued to file many federal habeas and civil rights actions attacking the same conviction. The Court dismissed as successive his most recently filed habeas petition challenging this conviction on April 27, 2018. *See Magee v. Scribner*, No. C 18-01967 YGR (PR) (N.D. Cal. filed Mar. 30, 2018).

## II. DISCUSSION

The Court finds the present petition is a second or successive petition attacking the same conviction and sentence as Petitioner's previous petitions. A second or successive petition containing new claims may not be filed in the district court unless Petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Accordingly, this petition is DISMISSED without prejudice to filing a new habeas action if he obtains the necessary order.

### III. CONCLUSION

For the foregoing reasons, the petition is DISMISSED pursuant to 28 U.S.C. § 2244(b). Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The Clerk of the Court shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: August 7, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

2